JOHN TOWNSER v. THE STATE.

No. 506.   Decided March 9, 1910.

1.—Fornication—Information.

Where, in a prosecution for fornication, the information was in the usual form, the same was sufficient, and there was no necessity to allege that defendant was a man and that the alleged female was a woman.

2.—Same—Accomplice—Corroboration—Insufficiency of the Evidence.

Where, upon trial for fornication, there was no corroboration of the testimony of the female with whom the alleged offense occurred, to show either carnal intercourse or familiarity between the parties, or that they ever lived together, the conviction could not be sustained.   Following Zollicoffer v. State, 16 Texas Crim. App., 312, and other cases.

Appeal from the County Court of Nacogdoches.   Tried below before the Hon. F. P. Marshall.

Appeal from a conviction of fornication; penalty, a fine of $50. The opinion states the case.

*King & King,* for appellant.—On question of accomplice testimony: Cases cited in opinion.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—This is an appeal from a conviction under a complaint charging appellant with fornication.   The information is in the usual form and sufficiently charges the offense.   The objection that it does not allege that appellant was a man and that Mattye Townser was a woman is without force, because the information charges appellant with being an unmarried male and Mattye Townser as being an unmarried female.   On the trial of the case Mattye Townser was sworn by the State and testified that she had known the appellant for the past seven or eight years; that she had been raised in Nacogdoches County; that she and the appellant had been living together as man and wife in Nacogdoches County for the past four or five years; that they lived in a house in the town of Nacogdoches to the rear of and near Mrs. N. G. Wade's place; that they had never been married, but had lived together as man and wife, and that she had four children born to her by the appellant and that they engaged in sexual intercourse with each other as often as they desired; that the appellant told her he was an unmarried man, but had been married prior thereto and had been divorced from his wife; that her name was Jones prior to the time she took the name of appellant; that she and the appellant joined the church together, he as John Townser and she as Mattye Townser, and that they joined as man and wife.   The State also offered Jeff Smith, who testified that he at one time belonged to the same church as John Townser and Mattye Townser, and saw their names on the church book; that Mattye Townser had lived at three different

places in the town of Nacogdoches; that he had never been at her house but once, and did not see appellant there at that time.

Complaint is made in the motion for new trial and before this court that the testimony is wholly insufficient to support the verdict, in that Mattye Townser is not corroborated sufficiently to justify the conviction. We are inclined to think that this point is well taken. There is no testimony offered whatever on the part of the State by any witness to show either intercourse or that appellant was ever seen in the presence of the prosecuting witness, Mattye Townser, or that they ever lived together. See Zollicoffer v. State, 16 Texas Crim. App., 312; Dunn v. State, 15 Texas Crim. App., 560, and Powell v. State, 15 Texas Crim. App., 441.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*